# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA LOAN SERVICES LLC, a California limited liability company,<br><br>    Plaintiff,<br>vs.<br>MARIA R. METCALF,<br><br>    Defendant. | CASE NO. 08cv872-WQH-RBB<br><br>ORDER |

HAYES, Judge:

The matter before the Court is Plaintiff's motion to remand this case to the Superior Court of California, County of San Diego. (Doc. # 7).

## BACKGROUND

On May 7, 2008, Plaintiff Aurora Loan Services filed an unlawful detainer action against Defendant Maria Metcalf in the Superior Court of California, County of San Diego. (Doc. # 1). Plaintiff alleged that Defendant has failed and refused to surrender possession of certain real property owned by Plaintiff. Plaintiff alleged that Defendant continues to occupy the property without Plaintiff's authorization or consent. Plaintiff alleged it is entitled to restitution and possession of the property from Defendant pursuant to California Code of Civil Procedure sections 1161a(b)(3) and 1161a(c). *Id*. at 6.

On May 15, 2008, Defendant, acting pro se, removed the case to this Court on the grounds that she had previously "filed an action under the Federal Truth in Lending Act." *Id*. at 1.

1  Defendant contends that Plaintiff's "state law case should be removed to the jurisdiction of the
2  United States District Court and consolidated with the pending federal lawsuit so that all of the
3  rights of the respective parties can be adjudicated in one proceeding." *Id*. at 2.
4     On June 13, 2008, Plaintiff moved to remand this case to state court. (Doc. # 7). Plaintiff
5  contends this Court lacks federal question jurisdiction because "federal law does not create the
6  rights on which Plaintiff seeks restitution and possession of the real property from defendant;
7  rather, California Code of Civil Procedure sections 1161a(b)(3) and 1161a(c) do." *Id*. at 4.
8  Plaintiff contends that "the only nexus with Federal law that defendant can argue is that her
9  parallel federal action against Aurora claiming violations of the federal Truth in Lending Law
10 serves as a defense to Aurora's unlawful detainer action in state court. This cannot form the basis
11 for removal jurisdiction." *Id*.

## RULING OF THE COURT

13    Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district
14 courts of the United States have original jurisdiction, may be removed by the defendant or the
15 defendants, to the district court of the United States . . . ." 28 U.S.C. § 1441(a). Upon removal,
16 the Defendant bears the burden of proving the existence of federal subject matter jurisdiction.
17 *Gaus v. Miles, Inc*., 980 F2d 564, 566 (9th Cir. 1992). There is a strong presumption against
18 removal jurisdiction. *Id*. A district court must remand a case to state court "if at any time before
19 the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. §
20 1447(c). In this case, the unlawful detainer action filed by Plaintiff in state court relies exclusively
21 on state law. The Court finds that Defendant has not carried the burden of proving the existence of
22 federal subject matter jurisdiction.
23    IT IS HEREBY ORDERED that Plaintiff's motion to remand (Doc. # 7) is GRANTED.
24 The Court remands this action to the state court.
25 DATED: October 24, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge